UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-06-6053-WFN-1 |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| v. ) | MOTION FOR RELEASE |
| ) | |
| SALVADOR CASTANEDA, ) | |
| ) | |
| Defendant. ) | |

At the November 30, 2006, hearing on Defendant's Motion to Reconsider Setting Bond/Conditions of Release, counsel Bevan Maxey appeared with Defendant; Assistant U.S. Attorney Aine Ahmed represented the United States.

Defendant originally appeared on October 6, 2006, following arrest on a Complaint for charges of conspiracy to distribute more than five kilograms of cocaine. Thereafter, he was indicted and has been in custody. He has a trial date of December 18, 2006, in Richland. Defendant had a detention hearing on October 12, 2006, before Judge Leavitt (Ct. Rec. 25), and two hearings since then (November 3rd and November 30th) with the undersigned to address whether there was a combination of conditions that would reasonably assure that Defendant is not a risk of nonappearance or risk to the community. (See Ct. Rec. 78, Order Denying Defendant's Motion to Set Release Conditions, following the November 3rd hearing). Following the submission of additional information, including the results of a chemical dependency assessment, the undersigned took this matter under advisement.

ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE - 1

1    The results of the evaluation conducted by Lakeside Recovery
2 Centers of Spokane, Inc., reflects a diagnosis of alcohol and
3 cannabis dependence and cocaine abuse. The treatment recommendation
4 is to complete a Level II.1 Intensive Outpatient Treatment Program.
5 Defendant represents that he is ready and willing to do this and
6 would be able to reside with his sister, Griselda Guevara, who lives
7 in Pasco, Washington. Ms. Guevara immediately would notify the
8 court if she became aware of, or anticipated, a violation of the
9 conditions of release. Defendant's extended family members and
10 three children also live in the Pasco area.
11    Defendant has a criminal history, which includes failures to
12 appear and matters which went to outstanding warrant status. In
13 addition, of concern to the undersigned, is that Defendant allegedly
14 possessed a weapon at the time of arrest.
15    However, the representation is that his family will provide
16 support and structure to assist him with addressing chemical
17 dependency and chemical abuse issues. Defendant represents that the
18 state warrant matters can be resolved in a manner that would not
19 interfere with Defendant's federal court schedule.
20    The pending matter also was taken under advisement to permit
21 counsel to further explore the pending warrant matters. On December
22 4, 2006, (Ct. Rec. 88, Declaration of Bevan Maxey) the defense
23 representation was that due to posting $5,600 in bail by family and
24 friends, no outstanding warrants currently exist. The United States
25 has filed a Supplemental Response. (Ct. Rec. 89, December 4, 2006.)
26 The undersigned concludes there is a combination of conditions to
27 reasonably assure that Defendant is not a risk of non-appearance or
28 risk to the community.

ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE - 2

1    **IT IS ORDERED** Defendant's Motion **(Ct. Rec. 84)** is **GRANTED.**
2  Defendant shall be released on the following conditions:
3        1.   Defendant shall participate in intensive outpatient
4  treatment as set forth above.  Prior to release, an appointment for
5  Defendant's first intensive outpatient treatment session must be
6  made by Defendant and confirmed by Pretrial Services.  The treatment
7  program must be in place and Defendant shall not be released until
8  the day of his first appointment.  **If Defendant fails in any way to**
9  **comply or cooperate with the requirements of the outpatient**
10 **treatment program, Pretrial Services and the parties are directed to**
11 **immediately notify the court.  Treatment shall not interfere with**
12 **the Defendant's court appearances.**  Full mutual releases shall be
13 executed to permit communication between the court, Pretrial
14 Services, and the treatment vendor.  If random urinalysis testing is
15 not conducted by the treatment provider, Defendant shall be subject
16 to random urinalysis testing by the United States Probation Office,
17 not to exceed six times a month.
18       2.   Defendant shall reside with his sister, Griselda Guevara,
19 who will transport Defendant to all treatment appointments unless
20 Pretrial Services permits transport by another responsible
21 individual.
22       3.   **Except for 1½ hours each week for attendance at spiritual**
23 **services, court-related appearances, and outpatient treatment**
24 **appointments, the Defendant shall remain under home detention.**  The
25 Defendant shall participate in a program of electronically monitored
26 home confinement.  The Defendant shall wear, at all times, an
27 electronic monitoring device under the supervision of U.S.
28 Probation.  In the event the Defendant does not respond to

ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE - 3

electronic monitoring or cannot be found, U.S. Probation Officers shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall be responsible for all costs of electronic monitoring.

    4. Defendant shall not commit any offense in violation of federal, state or local law.

    5. Defendant shall advise the court and the United States Attorney in writing before any change in address, and he must have prior permission from the court to change addresses.

    6. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

    7. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

    8. Defendant shall remain in the Eastern District of Washington while the case is pending. On a showing of necessity, Defendant may obtain prior written permission to leave this area from the United States Probation Office.

    9. Defendant shall not possess a firearm, destructive device or other dangerous weapon.

    10. Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

    11. Defendant shall refrain from the use of alcohol, and the use or possession of a narcotic drug and other controlled substances

1  defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.  **There shall be no alcohol or unlawful drugs in the home of Defendant's sister, Ms. Guevara.**

12.  Defendant shall report to the United States Probation Office before or immediately after his release and shall report as often as they direct, at such times and in such manner as they direct, but at least three times a week by telephone.  Defendant shall contact his attorney at least twice a week.

13.  Defendant shall post a $10,000 corporate surety bond, and a $15,000 unsecured appearance bond, co-signed by Ms. Guevera.

**Defendant is advised a violation of any of the foregoing conditions of release may result in the immediate issuance of an arrest warrant, revocation of release and prosecution for contempt of court, which could result in imprisonment, a fine, or both.  Specifically, Defendant is advised a separate offense is established by the knowing failure to appear and an additional sentence may be imposed for the commission of a crime while on this release.  In this regard, any sentence imposed for these violations is consecutive to any other sentence imposed.**

**IT IS FURTHER ORDERED** the United States Marshal shall keep Defendant in custody until notified by the District Court Executive or judicial officer that Defendant has posted bond and/or complied with all other conditions for release.  Until such time, Defendant shall be produced before the appropriate judicial officer at the time and place specified.

DATED December 5, 2006.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE - 5